THE FAVORITE.

BRAND *et al. v.* THE FAVORITE.

*(District Court, D. Washington, W. D.* May 11, 1892.)

TUGS AND TOWS—NEGLIGENCE—UNSEAWORTHY TOW.

When a scow in tow of a tug careened and lost overboard her deck load of brick, and the court found that the leaky and unseaworthy condition of the scow was the cause of the accident, but also that the master of the tug had not made the usual examination to ascertain her condition before undertaking to tow her, it was *held* that both tug and tow were in fault, and the owner of the scow should recover against the tug but half his loss.

In Admiralty. Libel to recover damages for negligent towage.

*A. J. Hanlon,* for libelant.

*Crowley & Sullivan,* for claimant.

HANFORD, District Judge. This is a suit brought to recover damages for the loss of a scow load of brick, on the ground of negligence and unskillfulness on the part of the master of the steamer in towing the scow, causing said loss. The libelants were owners of the scow and cargo. They employed the steamer to tow the scow, loaded with brick, a distance of 16 or 17 miles, from the brickyard to Tacoma. In order to take advantage of the tides the steamer went for the tow, and started with the same on the trip to Tacoma, in the night. After making a distance of about seven miles, as the scow appeared to be filling with water, the master attempted to run her upon the beach to save her, but before he could accomplish his purpose the scow careened so that the brick which were loaded upon her deck were dumped into the water and entirely lost. The mishap occurred in fine weather and in smooth water. The leaky and unseaworthy condition of the scow was the sole cause of it, and for this the libelants, who loaded her and sent her upon the venture, must be held to be primarily responsible. But the loss could not have occurred if the steamer had left her moored as she was at the brickyard. The master relied upon an assurance given by an employe of the libelants that he had on the day previous let the water out of the scow, and that she was all right, and towed her away without making the usual examination to ascertain her actual condition. Had he acted with ordinary care and prudence the loss would not have occurred while the property was in his charge, and for his neglect in this respect he is in part responsible for the consequent damage. According to the rule in admiralty the loss must be shared by all who were contributors towards producing it. I find from the evidence that 83,000 brick were lost, the market value of which at Tacoma was $9 per 1,000. The cost of transportation would have been 40 cents per 1,000. Deduct this expense from the value of the brick, and the difference will be the whole loss. A decree will be entered in favor of the libelant for one half of said amount, and costs.